MEMORANDUM **
This appeal has been filed pro se by individuals who objected to the district court’s approval of a settlement agreement regarding rights in the groundwater located on the aquifer underlying the Lummi Reservation on the Lummi Peninsula. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review the district court’s approval of the agreement for abuse of discretion and may “reverse the district court only if its decision was based on an error of law or clearly erroneous findings of fact.” See United States v. Oregon, 913 F.2d 576, 580 (9th Cir.1990). We affirm.
The district court found the settlement agreement to be fundamentally fair, adequate, and reasonable, and its decision to approve the agreement was not based on an error of law or clearly erroneous findings of fact. See id. (“Before approving a consent decree, a district court must be satisfied that it is at least fundamentally fair, adequate and reasonable,” and conforms to applicable laws.). The district court gave the individuals who objected to the settlement agreement an opportunity to air their objections, and considered those objections before approving the agreement. See id. at 582 (“A disputed decree that lacks the consent of those who negotiated it may be approved, so long as each party is given the opportunity to ‘air its objections’ at a reasonableness or fairness hearing.”).
The Case Area is located on the Lummi Reservation, and the Lummi Reservation is “Indian Country.” See 18 U.S.C. § 1151(a); 1855 Treaty of Point Elliott, 12 Stat. 927; Exec. Order (Nov. 22, 1873); see also Solem v. Barlett, 465 U.S. 463, 470, 104 S.Ct. 1161, 79 L.Ed.2d 443 (1984); Seymour v. Superintendent, 368 U.S. 351, 357-59, 82 S.Ct. 424, 7 L.Ed.2d 346 (1962).
The settlement agreement does not violate the Appellants’ equal protection rights because any preference given to the Indians is “political rather than racial in nature,” and “can be tied rationally to the fulfillment of Congress’ unique obligation toward the Indians.” Morton v. Mancari, 417 U.S. 535, 553, 554 n. 24, 555, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974); see Washington v. Wash. Commercial Passenger Fish *464 ing Vessel Ass’n, 443 U.S. 658, 673 n. 20, 99 S.Ct. 3055, 61 L.Ed.2d 823 (1979).
We have considered and reject all other arguments raised on appeal.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.